UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
UNITED STATES OF AMERICA,                       :
:
                    Plaintiff,            :      11 Cr. 120 (TPG)
:
      – against –                             :      **OPINION**
:
LUBA KRAMRISH,                                  :
:
                    Defendant.            :
:
------------------------------------------------x

       On May 8, 2013, a jury convicted Luba Kramrish of mail fraud and conspiracy to commit mail fraud for her participation in a scheme to defraud the Jewish Claims Conference. On September 10, 2013, the court sentenced Kramrish principally to 37 months' imprisonment. Her surrender date was adjourned from November 4, 2013, at the request of defense counsel and is currently scheduled for February 10, 2014. Kramrish requested a second extension of her surrender date on January 13, 2013, which the court denied.

       On January 29, 2014, defendant Kramrish moved for bail pending appeal pursuant to 18 U.S.C. § 3143(b) and requested for a third time an extension of her surrender date.

       For the following reasons, the application for bail pending appeal and extension request are denied.

**Discussion**

Under 18 U.S.C. § 3143(b), a court shall grant a convicted defendant bail pending appeal if, inter alia, the court finds by clear and convincing evidence that (1) the defendant is not likely to flee or pose a danger to others and (2) "the appeal raises a substantial question of law or fact likely to result in a reversal, a new trial, or a sentence that will be less than the total time already served prior to and during the pendency of the appeal." United States v. Newman, 12 Cr. 121 (RJS), 2013 WL 1943342 (S.D.N.Y. May 7, 2013) (citing 18 U.S.C. § 3143(b)). A defendant must satisfy both prongs of the two-part test to merit bail pending appeal. Here, Kramrish fails to satisfy either prong, and therefore her application is denied.

**1. Risk of flight**

Defendant bears the burden of proving by clear and convincing evidence that she is not likely to flee. See United States v. Light, 599 F. Supp. 874, 876 (E.D.N.Y. 1984) aff'd, 770 F.2d 158 (2d Cir. 1985). The Government contends that Kramrish poses a risk of flight. Defendant does not address this factor in her application because she incorrectly concludes that the court has already found that Kramrish is not a flight risk.

Although the court allowed Kramrish to voluntarily surrender, that does not necessarily mean she does not pose a flight risk during a significantly longer appeal period. Kramrish is a Canadian citizen

(Presentence Investigation Report ("PSR") at 2). She lives in Canada, as does her immediate family. Kramrish also has clear ties to countries other than Canada. She was born in the former Soviet Union (PSR ¶ 90) and has family who currently lives in Israel (Tr. at 2650). Furthermore, Kramrish retains control of her passport, which she needs to enter the United States for court appearances. Given these facts, the court cannot find by clear and convincing evidence that Kramrish is not likely to flee.

However, even if the court were to find that Kramrish does not pose a flight risk, her application would still be denied because she fails to raise a substantial question on appeal.

**2. Substantial Question**

The Second Circuit defines a "substantial" question as "a close question or one that very well could be decided the other way." United States v. Randell, 761 F.2d 122, 124 (2d Cir. 1985) (internal citations omitted). If the court finds that a question raised on appeal is "substantial," then it must consider whether that question is "so integral to the merits of the conviction…that a contrary appellate holding is likely to require reversal…or a new trial." Id. at 125. At each of these steps, the defendant bears the burden of persuasion. Id.

Kramrish raises three main issues on appeal: (1) the adequacy of the jury selection process, (2) the sufficiency of the government's evidence at trial, and (3) the reasonableness of her sentence. Appl. at 2.

None of the concerns raised present substantial questions of law or fact.

### a. Jury selection

Kramrish contends that the court did not ask potential jurors enough questions during voire dire, did not permit defense counsel to ask follow-up questions, and, as a result, did not protect defendant's right to an impartial jury. App. at 3.

However, the Supreme Court has held that district-court judges have "ample discretion" when conducting voir die. See Rosales-Lopez v. United States, 451 U.S. 182, 189 (1981). Trial judges also have "broad discretion whether to pose a defendant's requested voir dire questions." United States v. Lawes, 292 F.3d 123, 128 (2d Cir. 2002) (quoting United States v. Kyles, 40 F.3d 519, 524 (2d Cir. 1994). Moreover, a voir dire challenge fails unless the defendant can show "bias on the part of the challenged jurors" or "impartiality on the part of the jurors who were actually selected." United States v. Morales, 185 F.3d 74, 84 (2d Cir. 1999).

In this case, the court conducted voir dire for more than one full day. The court asked many questions to ensure that a fair and impartial jury was empanelled. The fact that the court did not ask all of the questions defense counsel wanted does not render the voir dire process unfair. Moreover, defendant does not argue the panel selected was in

- 4 -

any way biased or unfair. As a result, her claim is not likely to succeed on appeal.

### b. Sufficiency of the evidence

Similarly, Kramrish fails to persuade the court that there is a substantial question regarding the sufficiency of the evidence at trial. To prevail on a sufficiency of the evidence claim, a defendant must show that "the evidence that the defendant committed the crime alleged is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt." United States v. Temple, 447 F.3d 130, 136 (2d Cir. 2006) (quoting United States v. Guadagna, 183 F.3d 122, 130 (2d Cir. 1999)).

The court is firmly convinced that, during the course of the three-week trial, the Government introduced ample evidence to convict Kramrish on every element of the charges against her. The Government established that Kramrish knowingly acted as a recruiter. Kramrish collected identification documents from numerous individuals, asked potential applicants to sign blank applications, and provided those materials to Faina Davidson, a corrupt Claims Conference caseworker. Kramrish also demanded applicants pay her between $500 and $1,500 per application and passed additional money to Davidson. (PSR ¶¶ 54-55). In light of this evidence, it is unlikely the Court of Appeals will reverse the jury's verdict.

### c. The sentence imposed

Finally, Kramrish contends that the court failed to properly calculate loss and ensure proportionality in sentencing.

Appellate courts review sentences for "reasonableness." See United States v. Crosby, 397 F.3d 103, 114-115 (2d. Cir. 2005). The Second Circuit conducts both procedural and substantive review of sentences imposed by a district court. See United States v. Cavera, 550 F.3d 180, 187 (2d Cir. 2008).

A district court "commits procedural error where it fails to calculate the Guidelines range (unless omission of the calculation is justified,… makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory." Id. at 190. The court may also commit procedural error if "it does not consider the § 3553(a) factors,… rests its sentence on a clearly erroneous finding of fact… [or] fails adequately to explain its chosen sentence." Id. If no procedural error was committed, the appellate court "consider[s] the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). A district court "abuses its discretion when its decision cannot be located within the range of permissible decisions or is based on a clearly erroneous factual finding or an error of law." United States v. Rigas, 490 F.3d 208, 238 (2d Cir. 2007).

Here, Kramrish fails to point to either a procedural or substantive error.  The court calculated the relevant Guidelines range, explained its calculations, considered the § 3553(a) factors, and explained its chosen sentence.  The court did not, as defense counsel contends, merely accept the Government's loss amount conclusions.  The court considered arguments from both parties and ultimately concluded that the evidence showed that Kramrish was responsible for an even greater number of fraudulent applications than were listed in the PSR.  (Sentencing Tr. at 18-22).  Moreover, as the court made clear during sentencing, the court does not mechanically base its sentencing decisions on loss amount.  The court, "taking into account the statutory factors, particularly the degree of culpability," determined that 37 months—a sentence at the bottom of the Guidelines range—was fair. (Sentencing Tr. at 19-20).

Furthermore, Kramrish's claim that her sentence created an unwarranted sentencing disparity is meritless.  To the extent that there are disparities among the sentences of the 28 defendants in the United States v. Domnitser cases, it is because the defendants are not similarly situated.  Suggesting that sentences should be based upon the amount of restitution required oversimplifies what a district judge is asked to do at sentencing.  The court considers not only financial loss and restitution, but the role a particular defendant played in the scheme.  Kramrish played a significant role, and the court sentenced her accordingly.

Moreover, Kramrish's sentence falls within the Guidelines range. Given that the Second Circuit has held that "concern about unwarranted disparities is at a minimum when a sentence is within the Guidelines range," the court does not believe there is a substantial question as to whether Kramrish's sentence was unreasonable.

In sum, Kramrish does not raise any substantial issue on appeal. As a result, the court need not consider whether the issues are likely to result in a reversal of her conviction or a new trial.

## Conclusion

Given that Kramrish (1) poses a risk of flight and (2) fails to present a substantial question of law or fact, Kramrish's application for bail pending appeal is denied.

Additionally, Kramrish offers no compelling reason why her surrender date should be extended. Kramrish is instructed to surrender at the correctional facility to which she is designated on February 10, 2014.

SO ORDERED.

Dated: New York, New York
February 7, 2014

*/s/ Thomas P. Griesa*
Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/7/2014